**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP -4 2014

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:                                          )
                                                )
                                                )   Case No. 13 B 24584
BERTHA MCDANIELS,                               )
                                                )
                                                )
                                                )   Chapter 13
    Debtor.                                     )
                                                )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF HEAVNER, SCOTT, BEYERS & MIHLAR, LLC, ATTORNEYS FOR CREDITOR JP MORGAN CHASE BANK, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| TOTAL FEES REQUESTED: | $850.00[1] | TOTAL COSTS REQUESTED: | $176.00 |
|---|---|---|---|
| TOTAL FEES REDUCED: | $250.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $790.00 | TOTAL COSTS ALLOWED: | $176.00 |

**TOTAL FEES AND COSTS ALLOWED: $966.00**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such

---

[1] Heavener, Scott, Beyers & Mihlar, LLC, documented $1,040.00 in fees but capped their compensation at $850.00. The court reduced the fees by $250.00. The total fees allowed represents $1,040.00 minus $250.00.

as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: September 4, 2014

                                                                Eugene R. Wedoff
                                                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) Chapter 13
)
Bertha McDaniels, ) Bky. No. 13-24584
)
Debtor(s). ) Honorable Eugene R. Wedoff

## BREAKDOWN OF ATTORNEY FEES

**Attorney fees $200.00 per hour for Heather Giannino and Chris Purcell**

| Date | Work Performed | Attorney | Time | Hourly Rate or Flat Fee | Total Attorney Fees |
|---|---|---|---|---|---|
| 5/6/2014 | Received and reviewed referral from client | HG | 0.10 | $200.00 | $20.00 |
| 5/6/2014 | Pulled and reviewed court docket, claim information, relevant schedules and Debtor's plan. | HG | 0.20 | $200.00 | $40.00 |
| 5/7/2014 | Drafted and edited Motion for Relief | HG | 1.30 | $200.00 | $260.00 |
| 5/7/2014 | Requested and obtained approval from client to file Motion for Relief | HG | 0.10 | $200.00 | $20.00 |
| 5/19/2014 | Edit Motion and re-request approval from client | HG | 0.20 | $200.00 | $40.00 |
| 6/3/2014 | Electronically filed Motion for Relief, mailed copies and corresponded with client re: filed motion and scheduled hearing date | HG | 0.50 | $200.00 | $100.00 -50.00 |
| 6/19/2014 | Appearance in Court for preliminary hearing | CP | | $50.00 | $50.00 |
| 6/26/2014 | Drafted Agreed Repayment Order | HG | 0.50 | $200.00 | $100.00 |
| 7/10/2014 | Appearance in Court for continued hearing | CP | | $50.00 | $50.00 |
| 7/10/2014 | Revised Agreed Repayment Order and correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.50 | $200.00 | $100.00 |
| 7/31/2014 | Appearance in Court for continued hearing | CP | | $50.00 | $50.00 |
| 7/31/2014 | Correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.10 | $200.00 | $20.00 |
| 8/7/2014 | Correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.10 | $200.00 | $20.00 |
| 8/8/2014 | Correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.10 | $200.00 | $20.00 |
| 8/12/2014 | Correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.10 | $200.00 | $20.00 |

$250.00

| Date | Description | Atty | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/14/2014 | Revised Agreed Repayment Order prepared; correspondence with opposing counsel re: Agreed Repayment Order | HG | 0.30 | $200.00 | $60.00 |
| 8/18/2014 | Correspondence with opposing counsel and client re: Agreed Repayment Order | HG | 0.10 | $200.00 | $20.00 |
| 8/21/2014 | Appearance in Court for continued hearing | CP | | $50.00 | $50.00 |
| | **Total Attorney fees** | | 4.20 | | **$1,040.00*** |
| | | | | | |
| | **Attorney Costs** | | | | |
| 6/3/2014 | Filing Fee | HG | | $176.00 | |
| | **Total costs** | | | **$176.00** | |

*We have capped our attorney fees at $850.00. An additional court appearance will be required to present the Agreed Repayment Order.

$250
↓
$790
176
$966